**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ABUSSAMAA RASUL RAMZIDDIN,<br><br>Plaintiff,<br><br>v.<br><br>LAWRENCE TOWNSHIP POLICE DEPARTMENT, *et al.*,<br><br>Defendants. | Civil Action No. 24-1381 (GC) (JBD)<br><br>**MEMORANDUM OPINION** |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court upon *pro se* Plaintiff Abussamaa Rasul Ramziddin's unopposed Amended Motion for Default Judgment (ECF No. 17). The Court has carefully reviewed Plaintiff's submission and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure (Rule) 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Plaintiff's Motion is **DENIED**.

**I.   BACKGROUND**

   **A.   Factual Background**

Plaintiff was involved in an automobile crash on December 12, 2022. (ECF No. 8 at 8-9.[1]) Plaintiff's Amended Complaint alleges that the Lawrence Township Police Department, Patrolman Owen P. Cutaneo, and unnamed Reviewer #229DM fabricated the resulting police report. (*Id.* at 8-9.) Plaintiff also alleges that supervisors failed to properly train, supervise, and discipline

---

[1]   Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

officers involved. (*Id.* at 4-5, 17-18.) The report impacted Plaintiff's insurance claim, leading to increased premiums. (*Id.* at 10.)

Plaintiff filed a formal complaint about the report with the New Jersey Attorney General's Office. (*Id.* at 11.) This prompted an investigation by Internal Affairs and, ultimately, an acknowledgment of inaccuracies in the initial accident report. (*Id.*) Plaintiff alleges a revised report was produced, but that it was "incomplete." (*Id.* at 14.)

Plaintiff filed a New Jersey Open Public Records Act (OPRA) request for footage of the crash. (*Id.* at 11, 14.) Plaintiff alleges Defendants provided Plaintiff with a "defective DVD" in response to the request. (*Id.*)

### B.   Procedural Background

Plaintiff filed an Amended Complaint on November 4, 2024. (ECF No. 8.) Plaintiff purports to bring claims against Defendants under 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988. (*Id.* at 7.) Plaintiff also asserts claims of misfeasance and nonfeasance under New Jersey state law. (*Id.*)

The Court granted Plaintiff's application to proceed *in forma pauperis* and directed the Clerk to file the Amended Complaint on January 10, 2025. (ECF No. 9.) The Court also directed the United States Marshals Service (USMS) to serve a copy of the Amended Complaint, summons, and order on Defendants as directed by Plaintiff. (*Id.*) On January 22, 2025, according to the docket, the Court received completed USM-285 forms for Municipal Clerk Tonya Carter, Lawrence Township County Council, Lawrence Township Police Department, and Municipal Manager Kevin P. Nerwinski. On January 31, 2025, the Court received process receipts from the USMS indicating completed service. (ECF No. 12.) Those receipts list "Lawrence Township Police Department," "Lawrence Township Municipal Manager," "Lawrence Township County Council," and "Lawrence Township Municipal Clerk" as the served Defendants. (*Id.*)

On March 20, 2025, the Clerk entered default against "Lawrence Township Police Department," "Kevin P. Nerwinski, Esq.," "Lawrence Township County Council," and "Lawrence Township Municipal Clerk," upon Plaintiff's request.[2]  (ECF No. 15.)  On March 24, 2025, Plaintiff filed a Motion for Default Judgment, and the next day, Plaintiff filed an Amended Motion for Default Judgment.[3]  (ECF Nos. 16, 17.)

II.     **LEGAL STANDARD**

Rule 55 allows a court "to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading." *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (citing *Anchorage Assocs. v. V.I. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990)).  Whether to grant default judgment is left "primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3rd Cir. 1951)).  Indeed, courts generally disfavor default judgment because "the interests of justice are best served by obtaining a decision on the merits." *Choice Hotels Int'l, Inc. v. Pennave Assocs., Inc.*, 192 F.R.D. 171, 173-74 (E.D. Pa. 2000) (citing *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982)); *see also Budget Blinds, Inc. v. White*, 536 F.3d 244, 258 (3d Cir. 2008) (confirming that "default judgments are generally disfavored in" the Third Circuit).

---

[2]     It is unclear from the Amended Complaint and Motion for Default Judgment who exactly Plaintiff intends to sue.  In the Motion for Default Judgment, Plaintiff refers to "seven defendants."  (ECF No. 17 at 8.)  However, default was entered against only four defendants.  For purposes of this Motion, therefore, the Court considers only these four defendants.

[3]     The Court uses the Amended Motion at ECF No. 17 as the operative motion for the purposes of this opinion.  Plaintiff explained that the first version was unintentionally submitted.  (ECF No. 17-1.)

3

"Before granting default judgment, a district court may consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *J&J Sports Prods., Inc. v. Ramsey*, 757 F. App'x 93, 95 (3d Cir. 2018) (citations omitted). A court also has an affirmative duty to review its jurisdiction over the subject matter and parties when, like here, a motion for default judgment is filed against parties that have not filed responsive pleadings. *Werremeyer v. Shinewide Shoes, Ltd.*, Civ. No. 19-10228, 2023 WL 6318068, at *2 (D.N.J. Sept. 28, 2023) (citations omitted); *see also Prudential Ins. Co. of Am. v. Bramlett*, Civ. No., 2010 WL 2696459, at *1 (D.N.J. July 6, 2010) (same). Then, to determine whether default judgment is proper, the court evaluates "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)). If these factors weigh in favor of the moving party, then a grant of default judgment is proper. (*Id.*)

### III. DISCUSSION

The Court begins with consideration of whether Plaintiff stated sufficient causes of action and finds that Plaintiff has not sufficiently stated any cause of action against the four Defendants that are the subject of this motion. As a threshold issue, Plaintiff appears to include new allegations in the Motion for Default Judgment that are not stated in the Amended Complaint. *Compare* ECF No. 17 *with* ECF No. 8. However, "it is the well-pleaded factual allegations stated in the complaint that the Court should accept as true when addressing a motion for default judgment." *U.S. Small Bus. Admin. v. Stefansky*, Civ. No. 08-1968, 2010 WL 891810, at *3 (D.N.J. Mar. 10, 2010) (citation omitted). Accordingly, the Court considers only Plaintiff's Amended Complaint to assess the sufficiency of Plaintiff's causes of action.

4

Upon reviewing Plaintiff's Amended Complaint, the Court will construe Plaintiff's factual allegations and legal claims liberally because Plaintiff is proceeding *pro se*. *See Higgs v. Att'y Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a *pro se* litigant's pleadings is well-established."). The Court finds that even when liberally construed, Plaintiff fails to state a legal basis for any claim against the Defendants at issue in this Motion for Default Judgment.

### 1. *Municipal Clerk, Municipal Manager, and Lawrence Township Council*

Plaintiff's Amended Complaint asserts no particularized allegations against the Municipal Clerk, the Municipal Manager, or the Lawrence Township Council. These entities are not discussed in the Amended Complaint, except to be named as Defendants. Accordingly, the Motion for Default Judgment is denied as to the Municipal Clerk and Municipal Manager in their official and individual capacities and as to the Lawrence Township Council.

### 2. *Lawrence Township Police Department*

Plaintiff asserts several claims against the Lawrence Township Police Department, including federal claims under 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988,[4] and state law claims for "misfeasance" and "non-feasance."[5] (ECF No. 8 at 7.)

---

[4] Section 1988 pertains to the applicability of statutory and common law, attorney's fees, and expert fees. Accordingly, it does not describe any claims which the court can assess.

[5] Plaintiff also seems to refer to malicious prosecution in the context of § 1983. (ECF No. 8 at 9.) The Court recognizes this as a separate claim because the Court construes Plaintiff's Amended Complaint liberally. *Higgs*, 655 F.3d at 339. However, Plaintiff does not allege that any criminal proceeding was initiated against him. *See Harvard v. Cesnalis*, 973 F.3d 190, 203-04 (3d Cir. 2020) (listing elements of a § 1983 malicious prosecution claim). Accordingly, Plaintiff has not sufficiently pled this claim.

To state a claim under § 1981, Plaintiff must allege facts that establish the following elements: "(1) [that Plaintiff] is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in the statute." *Rodriguez v. Stanley*, Civ. No. 19-9104, 2020 WL 7338221, at *6 (D.N.J. Dec. 14, 2020) (quoting *Brown v. Philip Morris Inc.*, 250 F.3d 789, 797 (3d Cir. 2001)). Here, although Plaintiff refers to "inherent bias" and "animus" in the Amended Complaint, (ECF No. 8 at 9), Plaintiff does not allege any facts related to racial discrimination. Accordingly, Plaintiff has not sufficiently pled this claim.

Next, Plaintiff asserts a claim against the Lawrence Township Police Department under § 1983. Plaintiff's theory of constitutional harm involves the equal protection clause of the 14th Amendment. (ECF No. 8 at 10, 14-15.) "To state a claim, [Plaintiff] must prove the existence of purposeful discrimination and demonstrate different treatment from that received by other individuals similarly situated." *Sherrill v. City of Hoboken*, Civ. No. 20-1251, 2021 WL 4473392, at *2 (3d Cir. Sept. 30, 2021) (citation modified). Here, again, Plaintiff does not allege any facts regarding racial discrimination, aside from asserting in conclusory fashion that it occurred. (ECF No. 8 at 15.) Where an allegation is "supported by mere conclusory statements," the claim is insufficiently pled. *Sherrill*, 2021 WL 4473392, at *1 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

The Court next considers Plaintiff's claim under § 1983 for failure to provide proper training or oversight and for an unconstitutional policy or custom. (ECF No. 8 at 8.) The Court construes these as *Monell* claims,[6] wherein Plaintiff seeks to hold the Lawrence Township Police Department liable for constitutional harms directly attributable to it. *See Ianuale v. New Jersey*,

---

[6] *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978).

Civ. No. 18-3069, 2025 WL 2124568, at *15-16 (D.N.J. July 29, 2025) (discussing *Monell* liability). However, "[i]t is well-settled that a police department is not a 'person' amenable to suit under § 1983 pursuant to *Monell*." *Johnson v. Provenzano*, Civ. No. 12-1253, 2014 WL 7011545, at *9 (D.N.J. Dec. 11, 2014) (citation omitted). The proper defendant for *Monell* claims is the municipality—here, Lawrence Township. *Id.* Accordingly, the Court cannot find that this claim was sufficiently alleged. *Id.* (dismissing § 1983 claim against Ewing Police Department because it "[could not] be liable under *Monell*"); *see also Fields v. City of Salem Police Dep't*, Civ. No. 14-1849, 2015 WL 461887, at *3 (D.N.J. Feb. 4, 2015) (dismissing claims against the City of Salem Police Department with prejudice because "a police department is not a 'person' under Section 1983").[7]

Next, Plaintiff alleges a § 1985 claim. "Section 1985(3) permits an action to be brought by one injured by a conspiracy formed for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." *Farber v. City of Paterson*, 440 F.3d 131, 134 (3d Cir. 2006) (citation modified). A plaintiff must allege: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Id.* Because § 1985 requires Plaintiff to allege an intent to deprive

---

[7] If Plaintiff *had* sued Lawrence Township under *Monell*, the Court would still conclude that Plaintiff has not alleged particularized facts to support such claims. *See Ianuale*, 2025 WL 2124568, at *16 (discussing the two ways § 1983 claims against municipalities can proceed). Further, Plaintiff states that "the department must be held accountable for the *actions of its officers*." (ECF No. 8 at 18 (emphasis added).) However, *respondeat superior* cannot be applied to municipalities. *Stephens v. Grewal*, Civ. No. 22-1989, 2023 WL 3478458, at *7 (DN.J. May 15, 2023).

7

Plaintiff of equal protection, "a claimant must allege some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action in order to state a claim." *Id.* at 135.

As previously noted, the Amended Complaint does not include particularized allegations regarding discrimination. Accordingly, Plaintiff's § 1985 claim is not sufficiently pled. *See Thompson v. Hudak*, Civ. No. 24-3719, 2024 WL 1694804, at *2 (D.N.J. Apr. 19, 2024) (finding that the plaintiff failed to state a § 1985 claim because the plaintiff "made only broad, conclusory allegations of an overarching conspiracy, but has failed to detail the conspiracy or identify any (non-conclusory) discriminatory basis behind it"); *Ramziddin v. Onfri*, Civ. No. 22-2798, 2023 WL 2597588, at *2 (3d Cir. Mar. 22, 2023) ("[Plaintiff] failed to state a [§ 1985] claim because he did not sufficiently allege discrimination on account of his race or any other class-based grounds."). Accordingly, Plaintiff's claim under § 1985 fails.[8]

Finally, Plaintiff alleges New Jersey law claims of "misfeasance" and "non-feasance." (ECF No. 8 at 7.) The Court interprets these as claims of negligence. *See Martinez-Perez v. Clark*, Civ. No. 24-1672, 2024 WL 4589228, at *1 n.1 (D.N.J. Oct. 28, 2024) (construing "claims of neglect" as state-law negligence claims). The Amended Complaint does not make clear allegations pertaining to these claims. Further, like with Plaintiff's constitutional claims, state law tort claims are appropriately directed to the municipality, not a municipality's police department, as New Jersey police departments are "an executive and enforcement function of municipal government." *See Moran v. Hawthorne Police Dep't*, Civ. No. 24-9196, 2025 WL 842315, at *4 (D.N.J. Mar. 18,

---

[8] As a result, Plaintiff's claim under § 1986 is also insufficiently pled. "[T]ransgressions of § 1986 by definition depend on a preexisting violation of § 1985." *Clark v. Clabaugh*, 20 F.3d 1290, 1295 (3d Cir. 1994) (citation omitted). Because, here, Plaintiff has failed to adequately allege a claim under § 1985, Plaintiff necessarily has not alleged enough facts to support a claim under § 1986.

2025) (dismissing negligence claim against the police department). Therefore, these claims cannot move forward against the Lawrence Township Police Department. Also, courts "have repeatedly dismissed negligence claims where the underlying conduct involves an intentional act." *Id.* Therefore, insofar as Plaintiff's claims of misfeasance and non-feasance arise from intentional conduct, the claims would not be sufficiently pled on this separate ground.

Taken together, because Plaintiff has not sufficiently alleged any claims against the Lawrence Township Police Department, the Motion for Default Judgment as to this Defendant is denied.

## IV.   CONCLUSION

For the foregoing reasons, and other good cause shown, the Amended Motion for Default Judgment (ECF No. 17) is **DENIED**. An appropriate Order follows.

Dated: September 30, 2025

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE